L. D. POWELL, APPELLANT, v. NORMAN P. MAYHEW ET AL., APPELLEES.

FILED APRIL 15, 1916. No. 18514.

1. **Appeal in Equity: TRIAL DE NOVO: CONFLICTING EVIDENCE.** This court is required to try equity cases *de novo* without reference to the findings of the trial court; still when the important evidence in the case was taken before the trial court, and that court has construed the conflicting oral evidence of witnesses, and the record shows which witnesses must have been relied upon in determining doubtful facts from such conflicting evidence, this court will carefully consider the construction that the trial court must have given to such conflicting evidence.

2. **Evidence** found to support the findings and decree of the trial court.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. M. Post* and *Albert & Wagner,* for appellant.

*J. J. Harrington* and *Walcott & Walcott, contra.*

SEDGWICK, J.

In March, 1910, this plaintiff made a contract with defendants whereby he exchanged 960 acres of land in

Cherry county, in this state, for 280 acres in Montgomery county, Iowa. The greater part of the Iowa land was owned by the defendant Norman P. Mayhew, and a small piece was owned by his son, the defendant Max Mayhew. In the exchange the defendants agreed to pay plaintiff a difference of $7,800, and to secure this the defendants gave plaintiff five notes, one for $1,000 and four notes for the aggregate sum of $6,800, all secured by as many mortgages on different parts of the Nebraska land. Afterwards the plaintiff began five several actions in the district court for Cherry county to foreclose the mortgages. The defendants answered in each action alleging fraud on the part of plaintiff in securing the contract of exchange of lands. The five actions were consolidated and tried together. The court found that the contract was obtained by fraud and misrepresentation on the part of the plaintiff, and that the defendants were damaged more than the amount of the mortgages. A decree was entered canceling the mortgages and quieting the title of defendants in the Nebraska land. The plaintiff has appealed.

The plaintiff contends that the defendants have failed to prove: (1) That the alleged false representations were actually made; (2) that the alleged false representations were relied upon by the defendants; (3) that the alleged false representations were made under circumstances justifying the defendants to rely upon them; (4) the facts necessary as a basis for the computation of damages.

The record is very large. We cannot attempt an analysis of either the pleadings or the evidence. The case is a difficult one. We have with hesitation concluded that the judgment of the trial court must be affirmed. The several answers of the defendants are complicated and involved. Many of the representations alleged to be false were, if made, of such a nature as these defendants had ample opportunity to test them by personal investigation. It appears that the defendants are farmers and familiar with lands and land values. They went to the land for which they bargained for the purpose of independent examination

thereof. They made inquiries of the person occupying the land and were freely informed by him as to the condition of the land. They do not, so far as we have observed, contend that he misinformed them in any particular. Ordinarily these facts would defeat their claims. Some of the alleged false representations, however, were as to the quality of the land and what it had produced, and perhaps some other particulars which were within the knowledge of the plaintiff. When the defendants saw the land, it was in March and some snow was on the ground. While they were there a storm arose, accompanied with snow, and during the night following the ground was entirely covered with snow. They testify that they were practically driven away from the land by the storm, and were prevented from returning the following morning by the snow and cold, and so returned to their home in Iowa without opportunity to ascertain the facts in regard to the representations which had been made. The plaintiff also resided in Montgomery county, Iowa, and was somewhat of a speculator in lands. He was assisted by a shrewd land agent. The evidence of these witnesses was conflicting. To see them and hear them testify would be of great assistance. Indeed, we have frequently said that, while the statute requires us to try equity cases *de novo* upon appeal without reference to the findings of the trial court, still when the important evidence in the case was taken before the trial court, and that court has construed the conflicting oral evidence of witnesses, and the record shows which witnesses must have been relied upon in determining doubtful facts from such conflicting evidence, this court will carefully consider the construction that the trial court must have given to such conflicting evidence. In determining whether the plaintiff knew that the defendants were relying upon his representations in regard to the land, and whether the defendants were qualified to, and did, discover the facts, and, if they did not, whether it was owing to their negligence that they failed to do so, or was owing to the circumstances surrounding them, and a justifiable reliance upon the fairness

of the plaintiff, and other difficult questions involved, an opportunity to see and hear these witnesses while testifying and to observe their characteristics and their respective qualifications would be of the highest importance.

Under these circumstances the trial court found that many representations were made by plaintiff, some of which are of such a nature that the defendants might believe and rely upon them. The court, from the conflicting evidence before him, has found that the defendants did rely upon these representations. These are clearly shown by the evidence to be untrue. The finding that the Nebraska land is of less value than it would be if as represented is supported by the evidence. This difference, as found by the court, was more than the amount of the notes and mortgages. Construing the oral evidence as the trial court evidently did, we conclude that the findings are sustained by the evidence, and the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., not sitting.

ROSE, J., dissents.

HAMER, J., concurs in the conclusion.